IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:18-cv-

FRANCISCA CANO,

     Plaintiff,

v.

JEREMIAH I. BROWNING, AN INDIVIDUAL, AND ARIZONA AUTOMOBILE INSURANCE, A FOREIGN CORPORATION,

     Defendants.

## NOTICE OF REMOVAL

1.    On January 15, 2018, Plaintiff's filed their initial Complaint in the District Court, Weld County, State of Colorado, captioned *Francisca Cano v. Jeremiah I. Browning and Arizona Automobile Insurance Company* case number 2018CV30037.  (*See* Complaint, attached hereto as **Exhibit A)**

2.    At all relevant times, Plaintiff was a citizen of Colorado.  (*See,* Exhibit A, ¶ 1).

3.    A copy of the amended Civil Case Cover Sheet filed with the District Court for Weld County is attached as **Exhibit B**.  Therein, Plaintiff asserts that this case is not governed by Colo. R. Civ. P. 16.1 because a monetary judgment exceeding $100,000 is sought by any party against any other single party.

4.    Defendant Arizona was served on February 1, 2018.

5.    At all relevant times, Defendant Arizona was and is a foreign corporation, incorporated in Arizona, with its principal place of business in Arizona.

6. At all relevant times, Defendant Browning was a citizen of Colorado. (*See,* **Exhibit A** ¶ 2).

7. The underlying event for this case is a motor vehicle accident involving Plaintiff on July 20, 2016. (*See* **Exhibit A**, ¶ 6). Plaintiff alleges Jeremiah Browning failed to stop at a stop sign and impacted Ms. Cano's vehicle.

8. On May 21, 2018 Plaintiff and Defendant Browning filed a Stipulation for Dismissal with Prejudice. (*See* **Exhibit C**)

9. On May 22, 2018, Weld County District Judge Todd Taylor entered an order dismissing Defendant Browning. (*See,* **Exhibit D**).

10. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

11. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…."

12. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. OneStep Consulting, Inc.,* Civil Action No. 07-cv-00514-WDM-CBS, 2007 WL 4268971 (D. Colo. 2007). Defendant must set forth in the notice of removal the "underlying facts" demonstrating the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

13. A case may only be remanded where it is "legally certain" that the recovery will be less than the jurisdictional floor. *McPhail v. Deere and Co.,* 529 F.3d 947, 955 (10th Cir. 2008).

14. In their Complaint, Plaintiff is seeking damages "she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy." (See, **Exhibit A,** ¶ 31).

15. In their Complaint, in addition to her claimed injuries and damages set forth above, Plaintiff also seeks attorney fees and two times the covered benefit, along with costs and interest pursuant to C.R.S. § 10-3-1116. (See, **Exhibit A,** ¶ 52).

16. Furthermore, Plaintiff's Complaint makes allegations of common law bad faith against Arizona for underinsured motorist benefits. (See, **Exhibit A,** ¶¶ 53 – 58).

17. Additionally, Plaintiff alleges breach of contract, seeks attorney's fees and two times the covered benefit, and bring common law bad faith claims against Arizona for allegedly failing to pay benefits under her medical payments coverage.

18. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* at 956. A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of Plaintiff's claim. *Id.* A civil cover sheet may be considered in conjunction with other evidence to establish amount in controversy. *Valdez v. Byers,* 2009 WL 1440090 (D. Colo. 2009).

19. On December 1, 2016, Plaintiff submitted a settlement demand requesting that benefits owed be tendered. (**Exhibit E**). A similar demand was submitted on December 28, 2016 (**Exhibit F**).

20. Plaintiff alleges that at the time of the accident, she was insured with Defendant Arizona, including underinsured motorist coverage. (**Exhibit A, ¶¶** 22-23). Arizona admits that Plaintiff purchased a policy with Arizona on August 4, 2016, but denies the policy was in force on the date of the accident. (**Exhibit A, ¶** 24; **Exhibit G,** Defendant Arizona's Answer, ¶ 24). Arizona asserts that Plaintiff's policy was cancelled at 12:01 on August 20, 2016, prior to the subject accident occurring. (**Exhibit G, ¶** 24).

21. The policy purchased on August 4, 2016 and cancelled at 12:01 a.m. on August 20, 2016 included UM/UIM benefits in the amount of $25,000/$50,000 per person/per accident. (*See* **Exhibit H,** Declarations Page).

22. The Colorado Court of Appeals has held that if Plaintiff proves her damages are equal to or exceed the $25,000 policy limits, and those benefits were unreasonably delayed or denied, she is entitled to collect the $25,000 policy limits, plus two times the covered benefit, or an additional $50,000. *Hansen v. American Family Mut. Ins. Co.* 383 P.3d 28 (Colo.App. 2013).

23. Attorney fees may be used in calculating the necessary jurisdiction amount in a removal statute when recovery is permitted by statute. *See Jones v. American Bankers Ins. Co. of Florida,* 2011 WL 2492748 *4 (D. Colo. 2011.)

24. Thus, Plaintiff's claim for statutory bad faith meets the jurisdictional threshold on its own. *See, Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006) ("each

plaintiff or member of the class must individually satisfy the amount in controversy requirement.")

25. Based on the foregoing, Plaintiff's claims involve an amount in controversy exceeding $75,000.

26. Plaintiff's Civil Case Cover Sheet also indicates she seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.) The Tenth Circuit recently held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

27. 28 U.S.C. § 1446(a) provides that "[a] defendant desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within such action is pending a notice of removal…"

28. 28 U.S.C. § 1446(b)(3) provides: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

29. The District of Colorado has recognized the longstanding precedent of the U.S. Supreme Court that a case that by the initial pleading which does not contain complete diversity

between the parties, can only become removable as a result of a voluntary act on the part of the Plaintiff. *Sanford v. Allstate Ins. Co.,* Civil No. 09-cv002287-PAB-KMT, 2009 WL 3401180 (D. Colo. 2009) *citing Huffman v. Saul Holdings,* 194 F.3d 1072, 1078 (10th Cir. 1999).

30. Here, Plaintiff, a citizen of Colorado, initially filed suit against Arizona, a citizen of Arizona, and Browning, a citizen of Colorado. Thus, the Complaint as originally filed, was not properly removable pursuant to 28 U.S.C. § 1332, as there was not complete diversity between the parties. However, on May 21, 2018, Plaintiff voluntarily stipulated that Browning could be dismissed from the case. On May 22, 2018 District Judge Taylor dismissed Defendant Browning on the strength of Plaintiff's voluntary stipulation. This notice of removal is within 30 days of receipt of the Stipulation for Dismissal of Defendant Browning (**Exhibit C**) and the Order Dismissing Defendant Browning (**Exhibit D**). Thus, this matter was timely removed pursuant to 28 U.S.C. 1446(b)(3).

31. Given the elements of diversity jurisdiction are satisfied, and this notice of removal is timely, this Court has original jurisdiction over this civil matter.

WHEREFORE, Defendant requests that the above-entitled action be removed from Weld County District Court to the United States District Court of Colorado.

DATED: June 20, 2018

> Respectfully submitted,
>
> By: *s/ Michael T. Sullivan*
> Justin H. Zouski
> Michael T. Sullivan
> TUCKER HOLMES, P.C.
> Quebec Centre II, Suite 300
> 7400 East Caley Avenue

Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: jhz@tucker-holmes.com; mts@tucker-holmes.com
*Attorneys for Defendant Arizona Automobile Insurance*

### CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

DezaRae D. LaCrue, Esq.
Jennifer Torres, Esq.
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO  80014-1474
LaCrued@fdazar.com
Torresj@fdazar.com
*Attorneys for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  */s/ Michael T. Sullivan*
Michael T. Sullivan