| | |
|---|---|
| WELD COUNTY COMBINED COURTS, COLORADO<br><br>Court Address:  901 Ninth Avenue<br>　　　　　　　　P.O. Box 2038<br>　　　　　　　　Greeley, CO   80632 | DATE FILED: January 15, 2018 8:46 AM<br>FILING ID: 4D22DE90F106D<br>CASE NUMBER: 2018CV30037 |
| Plaintiff(s):  Francisca Cano,<br><br>v.<br><br>Defendants:  Jeremiah I. Browning, an individual, and Arizona Automobile Insurance, a foreign corporation. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>DezaRae D. LaCrue, #40290<br>Jennifer Torres, #48842<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:  303-757-3300<br>Fax Number:     303-757-3206<br>E-Mail:       lacrued@fdazar.com<br>　　　　　　torresj@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** ||

　　　COMES NOW Plaintiff, Francisca Cano, by and through their attorneys, Franklin D. Azar and Associates, P.C., for their Complaint against Defendant Jeremiah I. Browning and Defendant Arizona Automobile Insurance Company, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Francisca Cano is an individual and resident of Weld County, State of Colorado.

2. Defendant Jerehiah I. Browning (hereinafter "Defendant Browning") is an individual and resident of Weld County, State of Colorado.

3. Defendant Arizona Automobile Insurance Company (hereinafter "Arizona Insurance") is an Arizona corporation doing business in the State of Colorado with its Registered Agent as The Corporation Company, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112.

4. Venue is proper herein pursuant to C.R.C.P. 98(c).

5. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124.

EXHIBIT  A

## GENERAL ALLEGATIONS

6. Ms. Cano was involved in a motor vehicle collision with Defendant Browning on July 20, 2016 at or around 7:07 p.m.

7. Defendant Browning, an underinsured motorist, was driving a 2002 Honda Civic.

8. Ms. Cano was driving a 2000 Toyota Sienna Minivan.

9. The 2000 Toyota Sienna Minivan was insured by Ms. Cano.

10. At the time of the collision, Ms. Cano was traveling westbound on 168th Avenue near the intersection of the I-76 frontage road.

11. Ms. Cano was properly traveling in her lane.

12. Prior to the collision, Defendant Browning was facing southbound on the I-76 frontage road.

13. Defendant Browning intended to turn left from southbound I-76 frontage road on to eastbound 168th Avenue.

14. Defendant Browning failed to stop at the stop sign at the intersection of the I-76 frontage road and 168th Avenue.

15. Defendant Browning pulled out in front of Ms. Cano and impacted the front passenger side panel of Ms. Cano's vehicle.

16. Defendant Browning owed a duty of care to responsibly operate his motor vehicle at all times.

17. As a result of Defendant Browning's negligent operation of his motor vehicle Ms. Cano sustained and suffered injuries on July 1, 2016.

18. No third party caused or aided in the causation of the collision or Ms. Cano's injuries, damages, and losses.

19. Ms. Cano was not negligent on the occasion in question.

20. Prior to the collision, Defendant Browning consumed alcohol.

21. Defendant Browning's ability to drive was impaired by his consumption of alcohol.

22. At the time of the collision, Ms. Cano was insured with Defendant Arizona Insurance.

23. Ms. Cano's policy with Defendant Arizona Insurance included underinsured motorist coverage.

24. Ms. Cano bought her policy on August 4, 2016, with Defendant Arizona Insurance.

25. Ms. Cano received a letter from Defendant Arizona Insurance dated August 20, 2016.

26. The letter stated that Ms. Cano's coverage was cancelled as of 12:01 A.M. on August 20, 2016.

27. Ms. Cano's collision occurred on August 20, 2016.

28. On or about September 1, 2016, Ms. Cano received the correspondence from Defendant Arizona Insurance.

29. On or about September 6, 2016, Legacy Insurance Services, Inc. for Defendant Arizona Insurance confirmed that the policy was cancelled at 12:01 AM.

30. On or about December 13, 2016, Legacy Insurance Services, Inc. for Defendant Arizona Insurance confirmed again that they will not provide coverage for this loss.

31. On or about January 12, 2016, Legacy Insurance Services, Inc. for Defendant Arizona Insurance resent the September 6, 2016, letter denying coverage for this loss.

32. Defendant Arizona Insurance refused to provide an evaluation of Ms. Cano's claim.

33. Defendant Arizona Insurance refused to extend benefits for Ms. Cano's claim.

34. Defendant Arizona Insurance did not provide a reasonable explanation for canceling Ms. Cano's insurance policy on the day of the collision.

35. Defendant Arizona Insurance had a duty to promptly investigate the underinsured motorist claims.

36. Defendant Arizona Insurance has delayed and/or denied payment of benefits owed to the Plaintiff under the underinsured motorist policy.

37. Defendant Arizona Insurance has unreasonably delayed and/or denied payments of benefits owed to Plaintiff under the underinsured motorist policy.

38. Defendant Arizona Insurance has not provided a reasonable basis for the delay and/or denial of either Plaintiff benefits under the underinsured motorist policy.

**FIRST CLAIM FOR RELIEF**

**(Negligence Against Defendant Browning)**

39. Ms. Cano incorporates all prior allegations as though fully set forth herein.

40. Defendant Browning had a duty to act as a reasonable driver while operating his vehicle.

41. Defendant Browning breached his duty of care in the manner described above.

42. The actions of Defendant Browning at the time of the collision were negligent.

43. As a direct, proximate, and foreseeable result of the negligence, carelessness and recklessness of Defendant Browning, Ms. Cano suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se* Against Defendant Browning)

44. Ms. Cano incorporate all prior allegations as though fully set forth herein.

45. In the course of the motor vehicle collision described above, Defendant Macario violated one or more of the following statutes: C.R.S. § 42-4-1402; Careless Driving, and C.R.S. § 42-4-1401 Reckless Driving, C.R.S. § 42-4-703.

46. The above-described actions of Defendant Browning constitute negligence *per se*.

47. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant Browning, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract Against Defendant Arizona Insurance-UIM Benefits)

48. Ms. Cano incorporates all prior allegations as though fully set forth herein.

28. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant Arizona for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Arizona.

29. Plaintiff has advised Defendant Arizona of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Arizona in connection with the claim.

30. Plaintiff is an intended beneficiary of Defendant Arizona's insurance policy/contract and is therefore entitled to enforce its terms.

31. Plaintiff is entitled to be compensated by Defendant Arizona for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## FOURTH CLAIM FOR RELIEF
### (First Party Statutory Claim Under C.R.S. § 10-3-1115 and 10-3-1116 against Defendant Arizona-UIM Benefits)

49. Ms. Cano incorporates all prior allegations as though fully set forth herein.

50. Defendant Arizona Insurance has denied and/or delayed payment of benefits to Ms. Cano without a reasonable basis for its action.

51. Defendant Arizona Insurance's unreasonable position and conduct has caused Ms. Cano damage by the loss of the compensation that is due to them and which Defendant Arizona Insurance should have previously paid to Plaintiff.

52. In accordance with C.R.S. §10-3-1116, Ms. Cano are entitled to recover from Defendant Arizona Insurance two times the covered benefits plus reasonable attorney's fees and court costs.

## FIFTH CLAIM FOR RELIEF
### (Bad Faith against Defendant Arizona-UIM Benefits)

53. Ms. Cano incorporates all prior allegations as though fully set forth herein.

54. Defendant Arizona Insurance owed Ms. Cano a duty to act in good faith in reviewing, adjusting and settling claims.

55. Defendant Arizona Insurance Company breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    a. Compelling this Plaintiff to institute litigation to recover benefits owed under the underinsured motorist bodily injury liability benefits afforded to Ms. Cano under the insurance policy;
    b. Favoring the interests of Defendant Arizona Insurance, an insurer, over those of Ms. Cano, the named insured, to whom Defendant Arizona Insurance owes fiduciary and statutory duties;
    c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses of Defendant Arizona both suffered at the hands of an underinsured motorist;

       d. Failing to promptly pay medical payment benefits owed under the policy; and,
       e. Incompetently evaluating Ms. Cano claims.

56. Defendant Arizona Insurance Company actions are unreasonable.

57. Defendant Arizona Insurance Company knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

58. As a direct result of Defendant Arizona Insurance breaches of its duties to its insured, Ms. Cano has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant Arizona Insurance Company; and
    c. Being deprived of the use of funds owed to Ms. Cano which should have been paid by now.
    d. Physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract against Defendant Arizona- Medical Payments)

59. Ms. Cano incorporates all prior allegations as though fully set forth herein.

60. Sometime prior to the accident, Ms. Cano entered into a contract with Defendant Arizona for the purpose of obtaining automobile insurance, which policy includes medical payments coverage for claims involving bodily injury sustained in a motor vehicle accident if such medical treatment is rendered within a year of the accident. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Arizona.

61. Ms. Cano has advised Defendant Arizona of a claim for medical payments benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Arizona in connection with the claim.

62. Ms. Cano is the insured and/or the intended beneficiary of Defendant Arizona's insurance policy/contract and is therefore entitled to enforce its terms.

63. Ms. Cano is entitled to be compensated by Defendant Arizona for health care expenses he has incurred for bodily injury as a result of this motor vehicle collision under the medical payments coverage of the policy.

64. Defendant has failed and refused to pay the benefits owed under the policy and/or as required by the medical payments coverage statute C.R.S. §10-4-635.

## SEVENTH CLAIM FOR RELIEF
### (First Party Statutory Claim under C.R.S. §§ 10-3-1115 and 10-3-1116 against Defendant Arizona- Medical Payments)

65. Ms. Cano incorporates all prior allegations as though fully set forth herein.

66. Defendant Arizona has denied and delayed payment of medical payments benefits to Ms. Cano without a reasonable basis for its action.

67. Defendant Arizona's delay and denial of payment of medical payments benefits to Ms. Cano is in violation of C.R.S. § 10-3-1115.

68. Defendant Arizona's unreasonable position and conduct has caused Ms. Cano damage by the loss of the compensation that is due to her and which Defendant Arizona should have previously paid to her.

69. In accordance with C.R.S. §10-3-1116, Ms. Cano is entitled to recover from Defendant Arizona two times the covered medical payments benefits plus reasonable attorney's fees and court costs.

## EIGHTH CLAIM FOR RELIEF
### (Bad Faith against Defendant Arizona- Medical Payments)

70. Ms. Cano incorporates all prior allegations as though fully set forth herein.

71. Defendant Arizona owed Ms. Cano a duty to act in good faith in reviewing, adjusting and handling her claims.

72. Defendant Arizona breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) compelling this Ms. Cano to institute litigation to recover amounts due to her under the medical payments benefits afforded Plaintiff under the insurance policy;
    (b) favoring the interests of Defendant Arizona, an insurer, over those of Ms. Cano, an insured, to whom Defendant Arizona owes fiduciary and statutory duties;
    (c) failing or delaying payment of medical services and/or treatment that was medically necessary;
    (d) failing to evaluate, refusing to evaluate and/or incompetently evaluating Ms. Cano's claim for medical payments coverage.

73. Defendant Arizona's actions are unreasonable.

74. Defendant Arizona's knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

75. As a direct result of Defendant Arizona's breaches of its duties to its insured, Ms. Cano has been damaged including, but not necessarily limited to:

    a. being forced to incur additional costs in litigation;
    b. enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and/or
    **c.** being saddled with medical expenses.

WHEREFORE, Ms. Cano prays for judgment against the named Defendants for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

## **JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Respectfully, submitted this 15th day of January, 2018

> FRANKLIN D. AZAR & ASSOCIATES, P.C.
> By: */s/ Jennifer Torres*
> Jennifer Torres, #48842
> DezaRae D. LaCrue, # 40290
> Attorneys for the Plaintiff

**Plaintiff's Address:**
200 Shenandoah Way,
Brighton, CO 80603